The bill charged the defendant with willfully and maliciously killing two mares, and concluded, "contrary to an act of the General Assembly in such case made and provided, and against the peace and dignity of the State." The indictment was quashed below for want of jurisdiction, and the State, by its prosecuting officer, appealed.
This case involves the question whether the Superior Court has jurisdiction of the offense charged in the indictment, the solution of which is unattended with difficulty, after looking at the several acts relative to the offense and the trial of slaves. The crime may be said to have been created by the act of 1741, which annexes to the first offense the punishment of loss of ears and discretionary whipping, and to the second offense death. The punishment and trial of this offense was transferred by Laws 1793, ch. 381, to the county courts by the general description of all such offenses, the punishment whereof extended to life, limb, or member, which at the same time entitled the slave to the right of trial by jury. The subsequent act of 1816 have to the Superior Court jurisdiction of all offenses the punishment whereof may extend to life, leaving still with the county court the trial of all those where the punishment was confined to limb or member. (189) Thus far the subject is clear of doubt. But Laws 1816, ch. 912, sec. 4, enacts that a slave convicted of a clergiable offense shall be entitled to benefit of clergy in like manner with a free man; a provision which, it is argued, denotes that the Superior Court jurisdiction embraced other cases than those where the punishment was death; and that by analogy a case where the second conviction inferred the penalty of death belongs in like manner to the Superior Court. That the punishment of this offense may extend to life as much as the punishment of grand larceny, viz., upon the second conviction; and that the punishment of the first offense by the act of 1741, being aggravated greatly beyond that of grand larceny, enlists every consideration of justice and policy on the side of sustaining the jurisdiction of the Superior Courts. *Page 99 
To this the answer is that grand larceny is a capital offense, and by the common law is punishable with death; and it is only by the merciful extension of the benefit of clergy by the modern statutes that a person guilty of it is excused the pain of death. 4 Bl., 239. But it is still considered, in contemplation of law, as punishable with death, and is always comprehended in the description of those crimes the punishment whereof may extend to life. The crime in the indictment, on the contrary, was originally, and from its first creation, punishable only by whipping and the loss of ears, and now by death on the second conviction, and therefore cannot be understood as one of those described in the act of 1816. It is consequently very plain that the Superior Court has not original jurisdiction, and the judgment must be affirmed.